and I was appointed to file a supplemental brief. I noted in my brief that mine is in there as well. But the brief that you filed was about whether to file to issue a certificate of appealability. I'm sorry? The brief you filed seems to have been a brief about whether to issue a certificate of appealability. It didn't seem to be on point at all. I think in some respects, Your Honor, I misunderstood that, and if that's the case, I apologize. That's how it worked in the Fifth Circuit, and I was in that mindset. So I at this point, I would argue that I'm arguing a substantive issue that you allowed. I'm sure this Court is well-versed in the Supreme Court cases that talk about the Russell, Hamlin, and Cruikshank, and Carl. Actually, Carl is 1881, and the language of Carl was the same. What about the procedural default question in this case? Mr. Braswell raised the issue of the defective indictment through ineffective assistance of counsel, which cannot be raised on direct appeal, have to be addressed in a 2022 case. So what do we have before us, and what issue is before us now? Ineffective assistance counsel or the sufficiency of the indictment? Well, actually, they both affect the Sixth Amendment, so on the one hand, it's the indictment. Well, what's covered by the certificate of appealability, though? Okay. It's whether the indictment was insufficient. It's not ineffective assistance. It's not before us.  Ineffective assistance is not before us. It's before you in his pro se final. Well, can it be if there's no certificate of appealability on that issue? All right. I will simply address the indictment. Well, counsel, I'm interested in the same question you got from Judge Berzon a moment ago about the procedural bar. I couldn't find where the question of the defective indictment was raised on direct appeal. It was not. It was not. Well, then, aren't we stuck? This Court has said that it can be raised at any time, and I believe the United States Supreme Court said that it could be raised at any time, that it is not a ---- You're not talking about Bowsley, are you? Bowsley said that. On a footnote, United States v. ---- this Court in United States v. Feaster, I believe it's pronounced. Was that a habeas? Was that on 2255? Was that a direct appeal? I believe that that probably was a direct appeal. Well, the Ninth Circuit cases that could have something to do with this would be English and Johnson, and, of course, you've got the Supreme Court decision on Bowsley. Do any of those cases ring a bell? Yes. I do believe that the procedure ---- Mr. Braswell, in one of his pro se thing, filings, indicated that his counsel did raise in the district court, filed a motion to dismiss for the, in effect, for the ---- Is that true or not true? Is it true that he did or didn't? He may have indicated it, but is it so? It was an oral motion. But it doesn't show up anywhere in the record, does it? Not to my perusing in the record. I couldn't find it. But his 2255 was a verd under penalties of perjury, and it took care of the indicia of truthfulness. It was not in the record because it was an oral motion. Oral motions are in records. If there was an oral motion, it would be in the record, would it not? It was at another hearing. It was at a hearing early on in the proceedings. But there would still be a transcript of it. It would exist. Not when there's a minute order. There wasn't a transcript of all pretrial hearings. There wasn't? No. Well, there could have been. I don't understand what you mean there wasn't. Nobody transcribed it, is that what you mean? I'd have to look back at the docket to see if it even had a court reporter there. If it could have been electronic. Well, assume it had been preserved, how do you get around the merits on this? Why don't you go to the merits? Okay. Well, we know that this was a pre-Apprendi case, so therefore, there had been no ruling on whether drug type and quantity have to be alleged in an indictment, which we know after Apprendi did. However, this court in Buckland in 2002 gave a very explicit indication that it was a reading to what drug type and drug quantity were going to be employed in the statute, what they were, and this court determined they were material facts, not elements of a crime. However, if they were a material fact after Apprendi, they certainly had some materiality prior to Apprendi. As a matter of fact, this court in Buckland said that actually 841B can be included in an indictment for the jury to determine the existence of facts that make enhancement applicable at sentencing. That was at page 573, 289, 573. When I read that, it appeared to me that this court was talking about, I guess, the statute the charge in indictment could either have the type of drug, and if it didn't, then putting in the section of 841B, which would be the specific penalty, would be sufficient. It's clear in Buckland they're material facts, not elements. And that's what Mr. Bradwell has argued all along, that he didn't get apprised of the nature of the charges against him because they didn't allege what. Well, now, there's nothing in the record which indicated how your client was prejudiced as a result of this. Can you offer an argument as to why he might have been prejudiced? He was put at a disadvantage because he was. Well, what would he have done different? I can't delve into the mind of trial counsel if they would have done differently. But certainly, had he been apprised of the specific drug that he – perhaps he believed he was distributing methamphetamine. I don't know. But once the trial began, it was obvious what was being said, right? It was obvious what the government was alleging the drug was. Yes. There was no objection at that point to the indictment. I believe that his – he had several counsel that played at different parts. Did you get a chance to review the government's 28-J letter? Yes, I did. When they cite the recent Supreme Court case of Resendez-Poncin? Yes, I did. What's your response to that? It would seem to indicate that the simple reference to the statute is sufficient. Well, because – What's your response to that? Number one, that was an attempt, an attempt to violate 1326, and that the attempt was sufficient, even though it was comprised of maybe three things. He put his foot over the door, or he did some act of that that the intent encompassed that. That that is a normal definition of attempt, to have tried to do something, incompletely done something, whereas the controlled substance, the punishment certainly varies dramatically on – depending on what the drug was. And the United States Supreme Court, and it's quoted here in that opinion, that our precedents make clear that the indictment was fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements to constitute the offense intended to be punished. Well, when you look at 841B, Braswell's indictment didn't set forth the necessary – it was ambiguous as to what offense intended to be punished by the government because they had a laundry list in 841B. All right. Thank you, Counsel. Your time has expired. We'll hear from the government. May it please the Court, my name is Richard Pomeroy. I'm with the U.S. Attorney's Office in the District of Alaska. I share some of the confusion, I think, that the panel has expressed as far as exactly what is before the Court as far as the Court's – Can you speak just a little louder, please, Counsel? Yes. I tend to be soft-spoken. The Certificate of Appealability that the motion panel granted was as to the constitutional sufficiency of the indictment itself. Was that issue raised in the district court, first of all? It was raised in, as I believe the magistrate's final report and recommendation addressed, it was sort of one of the latter arguments that Mr. Braswell raised. Now, was it raised in the direct appeal? No. It was not raised in the direct appeal. And so even if it was raised in the motion before the trial court in originally, it still wasn't raised in the direct appeal. Correct. And as the – as we argued to the district court, Mr. Braswell had procedurally Well, it was raised in the direct appeal in a peculiar way, wasn't it? In other words, didn't he raise it in like in a motion for bail? Remember that? I did not try the case nor handle the appeal, Your Honor. And Mr. Braswell has an extensive, voluminous series of motions. I apologize. I do not recall that motion. I've reviewed because he had the direct appeal and then he had a series of post-trial motions that the district court raised and then also I think came to this court. Let me direct your attention to something else that's bothering me about this case. Apparently, as far as I can tell, our case law in the 2255 on procedural default is not very clear. Do you agree with that? In other words, we have cases that seem to go in two different directions. I would agree with you, Your Honor, yes. How are we supposed to resolve that? I think that the fact that Mr. Braswell did not raise the issue directly to the district court, nor did he raise it in an appeal, fits within the parameters of procedural default. Within and I apologize, since that wasn't directly, I mean, sort of briefed on the issue. Because the certificate of appealability was granted as to the constitutionality of the indictment, and it was addressed to the district court more within the context of ineffective assistance of counsel, I think the briefing that the Courtsman provided more sort of addresses the effectiveness of the several attorneys who represented Mr. Braswell during his, the direct, or the case in chief. Well, the question we've got is whether there's a procedural bar. Can we get to this question or not? What's your view? Because it is something that is easily addressed by the district court, it'd be, you know, my argument would be that it was procedurally defaulted by failing to raise it to the district court. The claimed deficiency of that are you talking about the district court on this 2255, or the district court on the direct, on the original case? The original case. All right. But the question is, I mean, quite aside from whether it was raised before the district court in the original case, because there seems to be some dispute about that, the question is, was it raised in an appeal in the original case? And I don't think there's any dispute that it was not raised on appeal in the direct case. Well, under our precedence, doesn't that prevent us from getting to it? In other words, obviously, the State has not had a sufficient opportunity to do this. Is the State hibious? No, it's federal. No, it's federal. Sorry, federal. Sorry. Well, in that case, the issue is gone, is it not? Yes, Your Honor. Based on what? What would you – what authority would you cite to? I don't have the case at the tip of my pen. Right. In your brief, you suggest that we sort of wrap all this and – and decide it as an ineffectiveness issue, because that's what was really litigated in the district court, and that was not default. But that's not what the certificate of appealability is. So what would you then? Can we – should we just issue a certificate of appealability on that issue and then decide it? We presumably could do that, I suppose. The Petitioner hasn't asked us to do that, but – the defendant, but I suppose we can issue a certificate of appealability at – during – at the panel. That's essentially the way you briefed the case. I mean, the whole case is very backward, because you – you briefed that, right? You didn't brief the – the direct issue of the indictment. I'm – I'm – I apologize. Can you repeat the question? You briefed – my recollection of your brief, the government's brief, is that you  referred to the indictment and essentially construed the COA as having – having encompassed that issue. Correct. Because to address the constitutionality of the indictment itself would be within the context of whether counsel that represented the defendant were or were not effective in, you know, their failure to challenge that in the main case. So interpreting – and perhaps erroneously interpreting the certificate of appealability to address the constitutionality of the indictment, I – and I think opposing counsel inferred that it meant to address the ineffective assistance issue, but also that there's the problem of sort of if you're addressing the case, there is the procedural default issue. Do you want to address the merits at all of the – either a question that may or may not be before us? I think that the merits of the indictment have been addressed in the briefs. But what about this Resendez-Ponce case? What does that – how far does that go in terms of its relevance to this case? I think it reinforces that the indictment in this case was constitutionally insufficient. Well, what about the observation that this is an unusual situation because the sentence can turn on which particular drug it was? Well, this indictment was issued in 1997. I don't think there's any question if this indictment as written were issued in, say, 2004. I understand that. But even when it was issued, is not this category somewhat different because the statutory language doesn't really tell you everything one would need to know in order to sensibly defend the case? It does tell the defendant what he needs to know as far as, you know, the elements of the charge against him. It specifies, you know, I mean, the time, the type of – I mean, the schedule of the drug, not the specific drug. Because what you're saying is because at that time, the question of whether it was methamphetamine, cocaine, or marijuana would have been sentencing, and so it wouldn't have been part of the trial? Correct. I mean, in the jury instructions and the special verdict form, it was specified that the defendant would have known, I mean, when he received the discovery before trial, what, you know, if there were doubts as far as what type of drug he was distributing, the evidence that would have been presented during discovery would have provided that information. And if there were still lingering doubts, the trial briefs, the jury instruction, everything before trial did specify the, you know, if it was cocaine-based that he was distributing and marijuana that he was giving to the residents. I seem I'm shortly becoming – But it's different than – presumably, in order to have an indictment, you have to say, for example, what day something happened. You know, on a certain day, you did X, right? You have to say what they did. And here, it is fairly important what drug it was. It's not the same as whether it's an aiding and abetting or not an aiding and abetting. The problem isn't what – the problem is knowing exactly what you're being charged with with a wide range of possibilities, not just a narrow range of possibilities. And the indictment, although, you know, considered it's not a model of draftsmanship, does specify that on, you know, four or five specific dates that he did distribute, you know, a Schedule II controlled substance, which is in violation of 841. Thank you, counsel. Your time has expired.
judges: O'scannlain, Tashima, Berzon